UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS HASSEL,

      Petitioner,

v.                                     Case No. 22-CV-526

DYLON RADTKE,

      Respondent.

# RULE 4 ORDER

Dennis Hassel, who is currently incarcerated at the Green Bay Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Hassel challenges his judgment of conviction in Dane County Case No. 2015CF002352. (*Id.* at 2.) Hassel was convicted of first-degree intentional homicide and sentenced to life in prison with eligibility for extended supervision after 25 years. Wisconsin Circuit Court Access, Dane County Case Number 2015CF002352 State of Wisconsin vs. Dennis B Hassel, https://wcca.wicourts.gov/caseDetail.html?caseNo=2015CF002352&countyNo=13&index=0&mode=details (last visited May 20, 2022). Hassel alleges that his conviction and sentence are unconstitutional.

Hassel has paid the $5.00 filing fee and his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine

whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Hassel alleges one ground for relief in his habeas petition: that the real controversy was not fully tried, as there was evidence that another perpetrator was responsible for the homicide in his underlying criminal case. (*Id.* at 6–7.) Under Wis. Stat. § 752.35, if it appears from the record in an appeal that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the Wisconsin Court of Appeals may reverse the trial court and direct entry of judgment or grant a new trial. Generally, the refusal of the Wisconsin Court of Appeals to grant Hassel discretionary relief under § 752.35 cannot provide a basis for federal habeas relief, as Hassel must allege that his custody violates the Constitution or law or treaties of the United States. *See* 28 U.S.C. § 2254(a). However, liberally construing Hassel's petition, he could be challenging the sufficiency of the evidence in his case, which is a cognizable habeas claim. Because it is not clear at this stage, the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Hassel's petition and this Order shall be served upon respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have **forty-five (45)** days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file his brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge